UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL ANEXIS GARCIA FLORES, A-248-002-251,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-5387 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background[1]

Petitioner, a native and citizen of Honduras, entered the United Sates on an unknown date. ECF No. 8-2 at 1; see also ECF No. 1 at 5. Petitioner has lived in the United States for five years

[1] Because respondent did not deny petitioner's factual allegations in the response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

and has no criminal history. See ECF No. 1 at 6; ECF No. 8-1 at 2. During this time, he formed a family with his partner and his five-year-old stepdaughter who has level 2 autism. Id. His partner and stepdaughter rely on him to provide food, shelter, medication, and day-to-day support for his stepdaughter. Id. at 6-7.

On June 14, 2026, Immigration Customs Enforcement (ICE) detained petitioner in San Francisco, California; issued a Notice to Appear (NTA), charging him as "an alien present in the United States who has not been admitted or paroled"; and determined he would remain in custody without a bond hearing. ECF Nos. 8-1 at 1-2, 8-2 at 1, 4.

Petitioner remains in custody at Mesa Verde Processing Center. ECF No. 10.

II. Procedural History

On July 13, 2026, the court received the petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges petitioner's detention under the Fifth Amendment Due Process Clause. ECF No. 1. The undersigned liberally construed the petition to assert due process violations under the Fifth Amendment based on: (1) detention without a bond hearing and (2) prolonged detention. ECF No. 7. The undersigned ordered a response to the petition and that such response

> shall substantively address whether there are any factual or legal issues that materially distinguish this case from Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), Acevedo Duran v. Albarran, No. 1:26-cv-01108-DC-CSK, [2026 WL 539409] (E.D. Cal. Feb. 26, 2026), Najera Avila v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-4006 DC AC, 2026 WL 1733665, at *1 (E.D. Cal. June 16, 2026) and other similar cases previously decided by this court.

ECF No. 6. The court further ordered that "[a]ny response must include petitioner's I-213 for each immigration encounter, any orders of release or detention, any custody warrants or notices, and, if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts." Id.

Respondent filed a response. ECF No. 10. Petitioner did not file a reply. The case is deemed submitted.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of

the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV. Discussion

A. Respondent's Response to the Petition

Respondent filed a response to the petition stating petitioner's "case is the category of immigration habeas cases for which the Court has typically ordered immediate release. ECF No. 8 at 1. Nonetheless, respondent argues that "respondent[] preserve their position that Petitioner is subject to mandatory pre-order detention statute, 8 U.S.C. § 1225(b), and as an "applicant for admission," subject to mandatory detention, "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." ECF No. 8 at 1-2 (citing Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953) and Dep't of Homeland Sec. v.Thuraissigiam, 591 U.S. 103, 139 (2020)).

As an initial matter, the response presents no factual or legal issues that materially distinguish this case from the court's prior orders in Alvarez Maciel, Acevedo Duran, Najera Avila and other similar cases previously decided by this court. The undersigned, however, acknowledges that Alvarez Maciel and Acevedo Duran were decided on the basis of a statutory claim rather than a constitutional claim like the one presented here. Even so, as noted in Najera Avila and herein, those cases are nevertheless instructive.

Secondly, respondent's misplaced focus on the statutory basis for petitioner's detention fails to address petitioner's procedural due process claim under the Fifth Amendment and therefore ignores the legal issues raised in this matter, which are constitutional. Moreover, the court notes that the Ninth Circuit recently "conclude[d] that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, No. 25-6842, __ F.4th __, 2026 WL

2196424 (9th Cir. July 30, 2026). Because petitioner was apprehended in San Francisco after living in the United States for a period of five years, his detention is governed by § 1226. Respondent's statutory argument is therefore rejected.

The undersigned also rejects respondent's argument with respect to limitations on petitioner's due process rights. As the undersigned explained in Ballen-Ramirez v. Warden of Golden State Annex Detention Facility, "Thurassigiam's holding is inapplicable in a § 2241 habeas petition because petitioner is not challenging his admissibility into this country, he is challenging the constitutionality of his detention," and "Thuraissigiam is also materially distinguishable because petitioner was permitted to pass through our gates and is a person who has been living within the United States for years and as such entitled to Due Process under Zadvydas v. Davis, 533 U.S. 678, 687 (2001)." Ballen-Ramirez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861, at *6 (E.D. Cal. May 13, 2026).

B. Petitioner's Fifth Amendment Due Process Claim: Detention Without a Bond Hearing

i. Legal Standard

The Fifth Amendment Due Process Clause protects persons in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001) (citations omitted). These due process rights extend to immigration proceedings, including detention and deportation proceedings. Id. at 693-94; see also Demore v. Kim, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first is to determine whether there exists a protected liberty interest under the Due Process Clause, and the second is to examine the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

To determine what process is due, the court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." Rodriguez Diaz, 53 F.4th at 1206-07.

ii. Analysis

1. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Yovani M.D. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-05648 TLN AC, 2026 WL 2168402, at *3 (E.D. Cal. July 27, 2026) (quoting Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025)).

Here, although petitioner is a noncitizen, he has a liberty interest in freedom from imprisonment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (recognizing noncitizens have a liberty interest under the Fifth Amendment, even if not coextensive as the liberty interest of U.S. citizens).

2. Procedural Protections

The first Mathews factor—petitioner's private interest—weighs in his favor. Petitioner has resided in the United States for five years. During this time, he has worked, developed family ties, and provided financial and domestic support to his family, including his five-year-old stepdaughter who is autistic. See e.g., Hernandez v. Mullin, No. 5:26-cv-1949 AJR, 2026 WL 1196341 (C.D. Cal. Apr. 28, 2026) (concluding that "Petitioner developed a substantial liberty interest in remaining out of custody based on the life he built in the United States living here for

the past 26 years"); Domingo de Leon v. Semaia, No. 5:26-cv-4224 DBT, 2026 WL 2415642, at *5 (C.D. Cal. Aug. 18, 2026) ("Petitioner has developed a substantial liberty interest in remaining out of custody based on the life he built in the United States since arriving approximately 18 years ago."); Trevor J.M. v. Warden of the California City Det. Facility, No. 1:26-cv-4364 TLN CSK, 2026 WL 2410039, at *4 (E.D. Cal. Aug. 18, 2026) ("The [seven] years Petitioner spent at liberty underscores the gravity of its loss."); Moreno Rodriguez v. Warden, California City Imm. Processing Ctr., No. 1:26-cv-3715 DC AC, 2026 WL 2410495, at *3 (E.D. Cal. Aug. 18, 2026) (finding that petitioner, who "has lived in the United States for multiple years prior to detention," and "obtained gainful employment, developed family ties, and provided financial and domestic support to his family residing in the United States" "has a strong private interest in remaining free from detention"); Mendoza Ramirez v. Mullin, No. 5:25-cv-3561 MAR, 2026 WL 2395230, at *3 (C.D. Cal. Aug. 17, 2026) (concluding that "Petitioner developed a substantial liberty interest in remaining out of custody based on the length of time he lived in the United States and the ties he built to the community over the past 25 years"); see also Tinoco v. Noem, 818 F. Supp. 3d 1141 (E.D. Cal. 2025) (finding that "the length of time" a petitioner spends in the United States and "the connections Petitioner made with his community during this time create a powerful interest for Petitioner in his continued liberty").

The second Mathews factor—the risk of an erroneous deprivation—also weighs in petitioner's favor. In Rodriguez Diaz, the Ninth Circuit found that the risk of erroneous deprivation was "relatively small" because petitioner was detained pursuant to 8 U.S.C. § 1226(a) and its implementing regulations and had been afforded the procedures therein from the beginning. Rodriguez Diaz, 53 F.4th at 1209-11. Under § 1226(a), "*[o]n a warrant* issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added); see also 8 C.F.R. § 236.1(b). Upon detention, an authorized immigration official makes the initial determination either to detain or release the noncitizen, which "involves evaluating" dangerousness and flight risk. Rodriguez Diaz, 53 F.4th at 1209 (citing 8 C.F.R. § 236.1(c)(8)). If the noncitizen is unsatisfied with the immigration official's custody determination, the noncitizen may request a

second custody determination before an immigration judge. Id. (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19(b)). An immigration judge's bond determination may be appealed to the Board of Immigration Appeals, 8 C.F.R. § 1003.19(f), and the Ninth Circuit. Additionally, while this court cannot review the bond determination, under § 2241 this court has jurisdiction to consider any error of law that may have occurred during the bond hearing, "including any claimed due process violation." Id. (citation omitted). As an added safeguard, the regulations also provide for an additional bond determination if circumstances materially change after the initial bond determination. Id. (citing 8 C.F.R. § 1003.19(e)).

Respondent's own records show that an arrest warrant was drafted *after* petitioner was already in custody. See ECF No. 8-1 at 2, 8-3 at 1. Then, because respondent believed petitioner was subject to mandatory detention, petitioner was not afforded the procedures provided for under § 1226(a) and its implementing regulations. ECF No. 8 at 1, 8-1 at 2.

Because the record before the court demonstrates that petitioner has been deprived of the procedural protections available under § 1226(a)—to which he is entitled under Rodriguez Vazquez in order to limit the risk of erroneous deprivation—and respondent does not argue that petitioner is a flight risk or danger to the community, the undersigned finds the risk of erroneous deprivation in this case is significant and concerning. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) (finding that "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions"); R.D.T.M. v. Wofford, No. 1:25-cv-01141 KES SKO, 2025 WL 2617255, at *6 (E.D. Cal. Sept 9, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." (alteration in original) (citations omitted)).

With respect to the final Mathews factor, while the government has an interest in enforcing its immigration laws, the government's interest in detaining petitioner without a hearing is low, and the effort and cost required to provide petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884 TLN SCR, 2025 WL 1927596, at *5 (E.D.

Cal. July 14, 2025). Notice and custody determination hearings are routine procedures that are required under § 1226(a), which, as set forth above, governs petitioner's detention. Any burden associated with providing these processes is minimal and does not outweigh petitioner's substantial liberty interest or the high risk of the erroneous deprivation of liberty.

For the foregoing reasons, due process does not permit petitioner's detention absent notice and a hearing before a neutral adjudicator and a right to challenge such determination through administrative appeal procedures.

C. Remedy

Because petitioner has been unlawfully detained for more than two months without a bond hearing and respondent has not asserted extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, the undersigned recommends that the petition be granted, and that petitioner be released from custody. See Avila v. Warden of the Golden State Annex Detention Facility, No. 1:26-cv-04006 DC AC, 2026 WL 1846724, at *2 (E.D. Cal. June 26, 2026) (granting immediate release for noncitizen who was detained after entering the United States on an unspecified date and living within the interior for an extended period of time); Yovani M.D., 2026 WL 2168402, at *4 (same as to noncitizen who was living in the United States for an unknown period of time); Alvarez Maciel v. Noem, No. 1:26-cv-01318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Ortiz v. Chestnut, No. 1:26-cv-01167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years).

The undersigned further recommends that respondent be enjoined from re-arresting and re-detaining petitioner absent pre-deprivation procedures and that the government shall bear the burden of proof to justify petitioner's re-detention. See United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Anything short of this—such as giving the government an instant "do over" regarding the procedures required under § 1226(a)

and its implementing regulations—would rubber stamp the government's unlawful conduct, which the undersigned cannot recommend. See United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings); see also Perez-Martinez v. Blanche, No. 2:26-cv-1411 BNW, 2026 WL 2350517, at *5 (D. Nev. Aug. 13, 2026) ("ordering a bond hearing rather than Petitioner's immediate release would effectively bless Respondents' 'detain first, justify later,' approach, which entirely disregards § 1226(a)'s regulatory framework"); N.G. v. Andrews, No. 1:26-cv-5768 TLN AC, 2026 WL 2267943, at *4 (E.D. Cal. Aug. 6, 2026) ("The Court vehemently rejects Respondents' argument that the appropriate remedy for the violation of Petitioner's constitutional rights is to give Respondents a second chance to come into conformity with their governing laws."); Lopez-Morales v. Warden, No. 1:26-cv-2416 DAD SCR, 2026 WL 2018611, at *4 (E.D. Cal. July 13, 2026) (explaining that a generic bond hearing under §1226(a) is not "an equivalent remedy for the due process violation here when it effectively required Petitioner to justify her own detention that was unlawful from the start").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner Axel Anexis GARCIA FLORES, A-248-002-051. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.
    d. The order does not address the circumstances in which respondents may detain

petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release from custody.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE