UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL ANEXIS GARCIA FLORES (A-248-002-251),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-05387-DC-AC (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 11) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 11.) On September 1, 2026, Respondents filed objections, stating merely that they "object[] to the findings and recommendations for the reasons stated in [their] Answer to Petition for Writ of Habeas Corpus." (Doc. No. 12.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the Ninth Circuit and the undersigned in other cases.

Specifically, noncitizens present without admission who are apprehended in the interior of

the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, the undersigned has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Det. Ctr.*, No. 1:26-cv-02045-DC-CSK, 2026 WL 1131003 (E.D. Cal. Apr. 25, 2026) (same as to noncitizen who lived in United States for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, 2026 WL 1482712 (E.D. Cal. May 27, 2026) (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, 2026 WL 1134641 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, 2026 WL 640924 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper

analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 25, 2026 (Doc. No. 11), are ADOPTED;
2. Petitioner Axel Anexis Garcia Flores's (A-248-002-051) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED, as follows:
   a. Respondents shall IMMEDIATELY RELEASE Petitioner. At the time of release, Respondents must return all of Petitioner's documents and possessions;
   b. Respondents shall not impose any restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;
   c. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless they provide at least seven (7) days' written notice to Petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
   d. The order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
3. Within three (3) days from the date of entry of this order, Respondents shall file a notice of compliance confirming Petitioner's release from custody;
4. The Clerk of the Court is directed to serve the Mesa Verde Processing Center Detention Facility with a copy of this order; and
5. The Clerk of the Court is directed to enter judgement in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dena Coggins
United States District Judge